**Andrew C. Lauersdorf**, OSB No. 980739
E-Mail: acl@coveragelit.com
**Nicholas A. Thede**, OSB No. 075460
E-Mail: nt@coveragelit.com
**MALONEY LAUERSDORF REINER, PC**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

Attorneys for Plaintiff Craig Lowenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CRAIG LOWENBERG,<br><br>          Plaintiff,<br><br>    v.<br><br>B. YOUNG RV, an Oregon company, TIFFIN MOTOR HOME, INC., an Alabama corporation, COMMAND ELECTRONICS, INC., a Michigan corporation, and RLI INSURANCE COMPANY, an Illinois corporation,<br><br>          Defendants. | Civil No.:_____<br><br>**COMPLAINT**<br><br>(Breach of Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing; Strict Liability for Product Defects; Strict Liability for Failure to Warn; Negligence; Violation of the Oregon Unfair Trade Practices Act)<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Craig Lowenberg, by and through his attorneys, Maloney Lauersdorf Reiner, PC, and for his complaint against Defendants B. Young RV, Tiffin Motor Home, Inc., Command Electronics, Inc., and RLI Insurance Company, alleges and claims as follows:

///

///

MALONEY | LAUERSDORF | REINER pc
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

COMPLAINT
Page 1

## I. **PARTIES**

1. Plaintiff Craig Lowenberg ("Plaintiff") is a citizen of the state of Alaska.

2. Defendant B. Young RV ("Young") is, and at all times material to this action was, a business authorized to operate under the laws of the state of Oregon. Young maintains its principal place of business in Milwaukie, Oregon, and regularly conducts the business of selling recreational motor home vehicles in Oregon.

3. Defendant Tiffin Motor Home, Inc. ("Tiffin") is, and at all times material to this action was, a corporation organized under the laws of the state of Alabama. Tiffin's principal place of business is in Red Bay, Alabama, and Tiffin regularly conducts the business of selling recreational motor home vehicles in Oregon.

4. Defendant Command Electronics, Inc. ("Command") is, and at all times material to this action was, a corporation organized under the laws of the state of Michigan. Command maintains its principal place of business in Schoolcraft, Michigan, and regularly conducts the business of designing, manufacturing, and selling electrical components that are installed in recreational motor home vehicles sold in Oregon.

5. Defendant RLI Insurance Company ("RLI") is, and at all times material to this action was, a corporation organized under the laws of the state of Illinois. RLI maintains its principal place of business in Peoria, Illinois, and regularly conducts the business of insurance in Oregon.

///

///


MALONEY | LAUERSDORF | REINER rc
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

**COMPLAINT**
Page 2

## II. JURISDICTION AND VENUE

6.   Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

7.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and LR 3-2 because all or a substantial part of the events or omissions underlying Plaintiff's claims occurred in this district and in the Portland Division.

## III. FACTUAL ALLEGATIONS

8.   Plaintiff owns a 2011 Tiffin Phaeton motor home ("the motor home").

9.   Tiffin manufactured Plaintiff's motor home and then placed it in the stream of commerce.

10.  The motor home included LED clearance lights that were manufactured and placed in the stream of commerce by Command, and installed by Tiffin near the rear carriage of the motor home.

11.  In 2011, Plaintiff purchased the motor home new from Young in Milwaukie, Oregon.

12.  On or about February 10, 2014, while Plaintiff was driving the motor home southbound on Interstate 5 near Ashland, Oregon, a fire occurred in the rear carriage area of the motor home ("the Fire").

13.  The Fire was caused by a design and/or manufacturing defect in the LED clearance lights designed and manufactured by Command, installed in the motor home by Tiffin, and sold to Plaintiff by Young.

///

///

MALONEY | LAUERSDORF | REINER pc
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

COMPLAINT
Page 3

14. The Fire, which rendered the motor home inoperable and uninhabitable, caused significant damage to the rear carriage area of the motor home and smoke damage throughout the interior of the motor home.

15. In 2011, the motor home caught fire in a similar manner.

16. Following the 2011 fire, Plaintiff took the motor home to Young for repairs.

17. Young represented to Plaintiff that it had repaired the motor home following the 2011 fire, and provided Plaintiff with an extended warranty on the motor home and the repairs performed.

18. Upon information and belief, an inspection of the motor home following the Fire revealed that, unbeknownst to Plaintiff, the motor home also caught fire sometime between the 2011 fire and the Fire.

19. RLI issued a policy of insurance, Policy No. RRV 0042408-01 ("the Policy"), to Plaintiff.

20. The Policy was issued for valuable consideration in the form of premiums, which were paid by Plaintiff.

21. Pursuant to the Policy, RLI insured Plaintiff's motor home and agreed to indemnify and reimburse Plaintiff for certain losses and expenses, including damage to the motor home and loss of use of the motor home.

22. The Policy was in full force and effect at the time of the Fire.

23. The damage sustained to Plaintiff's motor home as a result of the Fire falls within the coverage provided by the Policy.

24. Pursuant to the terms of the Policy, Plaintiff sought indemnification and reimbursement for all damages, including expenses

MALONEY | LAUERSDORF | REINER PC
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

COMPLAINT
Page 4

incurred by Plaintiff as a result of the damage and Plaintiff's loss of use of the motor home.

25. Plaintiff has performed and satisfied all conditions precedent to recovery under the Policy.

26. RLI acknowledged that the damage to Plaintiff's motor home falls within the coverage provided by the Policy, but refuses to fully indemnify and reimburse Plaintiff.

27. Plaintiff has been without the use and enjoyment of the motor home since the date of the Fire.

28. As a result of RLI's refusal to properly indemnify Plaintiff, the motor home has sustained and continues to sustain additional damage caused by, among other things, exposure to the elements and lack of regular and routine maintenance.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

*(Against RLI Insurance Company)*

29. Plaintiff restates and incorporates herein by reference the allegations set forth in paragraphs 1-28 above.

30. RLI's refusal to fully indemnify Plaintiff for its covered loss is a breach of the insurance contract.

31. As a result of RLI's breach of the insurance contract, Plaintiff has sustained actual and consequential damages in an amount to be proven at trial.

32. Plaintiff is entitled to recover his attorney fees pursuant to ORS 742.061.

MALONEY | LAUERSDORF | REINER PC
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

COMPLAINT
Page 5

## SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

*(Against RLI Insurance Company)*

33. Plaintiff restates and incorporates herein by reference the allegations set forth in paragraphs 1-32 above.

34. The terms of the insurance contract required RLI to act in good faith and deal fairly with Plaintiff in all matters related to the insurance contract, including the investigation, adjustment, and payment of Plaintiff's covered losses.

35. RLI breached its duty of good faith and fair dealing by, among other things:

    a. failing or refusing to fully and promptly investigate and ascertain the scope of Plaintiff's losses;

    b. failing or refusing to adjust Plaintiff's insurance claim in a fair or reasonable manner;

    c. withholding payment of indemnification for Plaintiff's loss without having or communicating a reasonable basis for such action;

    d. forcing Plaintiff to file a lawsuit to receive policy benefits;

    e. unreasonably delaying payment for Plaintiff's loss; and

    f. refusing to fully indemnify Plaintiff for his covered loss pursuant to the terms of the insurance contract.

36. RLI's refusal to act in good faith or deal fairly with Plaintiff constitutes a breach of the insurance contract.

/ / /

/ / /

MALONEY | LAUERSDORF | REINER PC
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

COMPLAINT
Page 6

37. It was foreseeable to RLI that Plaintiff would suffer additional damage, including incurring additional expenses and loss of use, as a consequence of RLI's breach of the duty of good faith and fair dealing.

38. RLI failed to make payment, refused to make payment, and delayed payment for the loss to Plaintiff's motor home, in violation of the insurance policy, thus causing damage to Plaintiff.

39. Plaintiff suffered consequential damages as a result of RLI's breach of the insurance policy, including, but not limited to, incurring additional costs to store the motor home, additional loss of use of the motor home that would not have occurred had RLI fully and promptly indemnified Plaintiff for his loss, and the cost to repair additional damage that the motor home has sustained due to exposure to the elements and lack of regular and routine maintenance.

40. As a result of RLI's breach of the insurance contract, Plaintiff has sustained actual and consequential damages in an amount to be proven at trial.

41. Plaintiff is entitled to recover his attorney fees pursuant to ORS 742.061.

### THIRD CLAIM FOR RELIEF

### (Strict Liability for Product Defects)

*(Against Defendants Tiffin Motor Homes, Inc., Command Electronics, Inc. and B. Young RV)*

42. Plaintiff restates and incorporates herein by reference the allegations set forth in paragraphs 1-41 above.

43. The LED light display installed in the motor home was defectively designed, inspected, tested, manufactured and installed in an unreasonably

MALONEY | LAUERSDORF | REINER, PC
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

COMPLAINT
Page 7

dangerous condition at the time it left the control of Command, Tiffin, and Young.

44. The condition of the LED light display at the time of the Fire was intended to be, and was, substantially the same as when it left the hands of Tiffin, Command, and Young.

45. The LED light display was defectively designed, inspected, tested, manufactured and installed because:

    a. it was unsafe when used in the manner promoted by Command, Tiffin, and Young and in a manner reasonably foreseeable by them;

    b. the risks of danger in the design, inspection, testing, manufacturing and installation outweigh the benefits of it;

    c. it failed to perform as safely as an ordinary consumer would expect when used in the manner promoted by Command, Tiffin, and Young; and

    d. it was designed, inspected, tested, manufactured and installed in a way that caused a substantial risk of fire and personal injury in the motor home.

46. Plaintiff was using the LED light display in a manner intended and reasonably foreseeable to Command, Tiffin, and Young.

47. Plaintiff was not aware of the defects in the LED light display at any time prior to the Fire.

48. The foreseeable risks of harm to Plaintiff and Plaintiff's motor home could have been reduced or avoided by adopting a reasonable alternative design.

///

MALONEY | LAUERSDORF | REINER rc
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

**COMPLAINT**
Page 8

49. The defective design, inspection, testing, manufacturing and installation of the LED light display was the factual and proximate cause of the damage to Plaintiff's motor home.

50. As a result of the defective design, inspection, testing, manufacturing and installation, Plaintiff has sustained general and special damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Strict Liability for Failure to Warn)

*(Against Defendants Tiffin Motor Homes, Inc., Command Electronics, Inc. and B. Young RV)*

51. Plaintiff restates and incorporates herein by reference the allegations set forth in paragraphs 1-50 above.

52. Command, Tiffin, and Young knew or reasonably should have known about the defects in the LED light display at the time it left their control.

53. Command, Tiffin, and Young are strictly liable in failing to warn Plaintiff that the LED light display posed an unreasonable risk of fire and personal injury in the motor home.

54. Command, Tiffin, and Young had an ongoing and continuing obligation to warn Plaintiff about the dangers arising from the LED light display, and the Defendants failed to so warn.

55. Command, Tiffin, and Young also had a new and independent obligation to warn Plaintiff about the dangers arising from the LED light display after Plaintiff brought the motor home in for repairs, and the Defendants failed to so warn.

MALONEY | LAUERSDORF | REINER rc
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

COMPLAINT
Page 9

56. Command, Tiffin, and Young's failure to warn was the factual and proximate cause of Plaintiff's injuries and damage.

57. As a result of Command, Tiffin, and Young's failure to warn, Plaintiff has sustained general and special damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (Negligence)

*(Against Defendants Tiffin Motor Homes, Inc., Command Electronics, Inc. and B. Young RV)*

58. Plaintiff restates and incorporates herein by reference the allegations set forth in paragraphs 1-57 above.

59. Command, Tiffin, and Young had a duty to protect Plaintiff from unreasonable risk of harm from the LED light display.

60. Command, Tiffin, and Young were negligent in:

    a. defectively designing, inspecting, testing, manufacturing and installing the LED light display; and/or

    b. failing to warn Plaintiff that the LED light display posed an unreasonable risk of fire and personal injury in the motor home.

61. The negligence of Command, Tiffin, and Young arose at the time the Plaintiff purchased the motor home and thereafter on a continuing basis up to and including the date of the Fire.

62. The negligence of Command, Tiffin, and Young also separately arose at the time the Plaintiff sought repairs to the motor home.

63. Command, Tiffin, and Young's negligence was the factual and proximate cause of Plaintiff's injuries and damage.

MALONEY | LAUERSDORF | REINER PC
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

COMPLAINT
Page 10

64.   As a result of Command, Tiffin, and Young's negligence, Plaintiff has sustained general and special damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (Violation of the Oregon Unfair Trade Practices Act (UTPA))

*(Against Defendants Tiffin Motor Homes, Inc., Command Electronics, Inc. and B. Young RV)*

65.   Plaintiff restates and incorporates herein by reference the allegations set forth in paragraphs 1-64 above.

66.   The conduct of Command, Tiffin, and Young described herein constitutes a violation of the Oregon Unfair Trade Practices Act (UTPA), including a violation of ORS 646.608(1)(u).

67.   As a result of the violation of the Oregon UTPA by Command, Tiffin, and Young, Plaintiff sustained an ascertainable loss in an amount to be proven at trial.

68.   Upon information and belief, Command, Tiffin, and Young willfully violated the Oregon UTPA as the term "willful" is defined in ORS 646.605(10).

69.   Plaintiff has a right to recover his attorney fees, costs, disbursements, and punitive damages pursuant to ORS 646.638.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Lowenberg prays for the following relief:

1.   Judgment against each of the Defendants and in favor of Plaintiff on all claims for relief stated herein:

2.   On Plaintiff's First and Second Claims for Relief for actual and consequential damages according to the proof at the time of trial, and for attorney fees, costs, and disbursements pursuant to ORS 742.061;

MALONEY | LAUERSDORF | REINER PC
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

COMPLAINT
Page 11

3.      On Plaintiff's Third, Fourth and Fifth Claims for Relief for special and general damages according to proof at the time of trial, and exemplary or punitive damages in equity or as otherwise permitted by law;

4.      On Plaintiff's Sixth Claim for Relief for compensatory or statutory damages according to proof at the time of trial, punitive damages pursuant to ORS 646.638, together with other costs and reasonable attorney fees pursuant to ORS 646.638;

5.      On all of Plaintiff's claims for pre-judgment and post-judgment interest;

6.      On all of Plaintiff's claims for Plaintiff's costs, disbursements, and attorney fees as permitted by equity or otherwise under Oregon law; and

7.      Such other and further relief as the Court deems just and equitable.

DATED: February 6, 2015

MALONEY LAUERSDORF REINER, PC

By /s/ Nicholas A. Thede
**Andrew C. Lauersdorf**, OSB No. 980739
E-Mail: acl@coveragelit.com
**Nicholas A. Thede**, OSB No. 075460
E-Mail: nt@coveragelit.com
Telephone: 503.245.1518

Attorneys for Plaintiff Craig Lowenberg

MALONEY | LAUERSDORF | REINER PC
117 SW Taylor Street, Ste. 300
Portland, Oregon 97204
Telephone: 503.245.1518
Facsimile: 503.245.1417

COMPLAINT
Page 12